**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3715-19

SEVIM TEMIZ and FIKRI
TEMIZ, her husband,

     Plaintiffs-Appellants,

v.

GHANSHYAM PATEL and
BIJAL PATEL,

     Defendants-Respondents.

_____

Submitted March 17, 2021 – Decided April 12, 2021

Before Judges Fuentes and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6363-18.

Bendit Weinstock, PA, attorneys for appellant (Kay A. Gonzalez, on the briefs).

Law Offices of Styliades & Jackson, attorneys for respondents (Sungkyu Lee, of counsel and on the brief).

PER CURIAM

In October 2017, while walking past her neighbor's residential property in Paramus, plaintiff Sevim Temiz tripped over a raised portion of the sidewalk and fell. Plaintiff[1] filed an action in the Law Division, alleging defendants Ghanshyam Patel and Bijal Patel negligently maintained their property. Plaintiff injured her right shoulder, requiring surgery, as a result of her fall. Following the close of discovery, defendants successfully moved for summary judgment. Plaintiff now appeals and we affirm.

We review an order granting summary judgment applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). A court should grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We owe no special deference to the motion judge's conclusions on issues of law. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). We therefore consider the facts in a light most favorable to plaintiff. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

---

[1] We refer to Sevim Temiz as plaintiff, although we recognize her husband, Fikri Temiz, has filed a derivative claim for loss of consortium.

According to plaintiff, roots emanating from a tree that was once located on defendants' property caused the sidewalk where she fell to become elevated and uneven. Defendants moved into their home one month before plaintiff's fall.[2] When deposed, defendant Ghanshyam Patel identified a photograph of an area of his front yard, without grass, adjacent to the sidewalk. The prior owner told defendants grass did not grow there because "the town had removed a tree from that area."

Defendants' attempts to repair the sidewalk after plaintiff fell were halted by the Borough of Paramus. In that regard, Joseph Sexton, the assistant director of the Borough's Shade Tree and Parks Commission testified at his deposition that "street trees" are the responsibility of the Borough. Because the sidewalk at issue was located ten feet from the curb, the municipality was responsible for repairs. Indeed, in March 2016, the Borough issued a permit to the Public Service Electric and Gas Company, to remove the tree at issue. According to Sexton, the permit was required because the tree was a street tree. Conversely, a permit is not required for removal of a homeowner's private tree. Notably, plaintiff did not sue the Borough.

---

[2] It is unclear from the record whether defendants purchased the home in September 2017 when they first moved in or whether the closing of title had occurred sometime prior. The distinction is immaterial to our review.

The motion judge granted summary judgment to defendants. In a sound opinion following oral argument, the judge concluded defendants had no duty as residential homeowners to repair the sidewalk. The judge also found plaintiff failed to present evidence that defendants planted the tree that created the defective condition.

Plaintiff moved for reconsideration. In a cogent statement of reasons accompanying the order, the judge denied the motion, concluding plaintiff failed to satisfy the standard for reconsideration by identifying any new evidence or information the court overlooked or explaining why the court's conclusions were palpably incorrect or irrational.[3]

On appeal, plaintiff primarily argues the motion judge erred in granting summary judgment because the tree was planted on defendants' property by their predecessor in title. Plaintiff reprises her argument that the tree was an artificial condition that created the defective sidewalk, for which the property owner is liable under Deberjeois v. Schneider, 254 N.J. Super. 694, 703 (Law Div. 1991),

---

[3] Plaintiff's appendix includes the order denying her motion for reconsideration. But plaintiff neither included the order in her notice of appeal nor briefed the denial of her reconsideration motion. Both failures constitute waiver of the issue. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 and cmt. 6.1 on R. 2:5-1 (2021).

aff'd o.b., 260 N.J. Super. 518 (App. Div. 1992). Plaintiff's contentions are misplaced.

Generally, residential property owners, unlike commercial property owners, have no duty to maintain the sidewalks adjacent to their land as long as they do not affirmatively create a condition that makes the sidewalk dangerous. Luchejko v. City of Hoboken, 207 N.J. 191, 210, (2011). See also Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 159 (1981) (holding the duty to maintain sidewalks is confined to commercial property owners); Deberjeois, 254 N.J. Super. at 698-702.

In Deberjeois, the plaintiff fell on a sidewalk slab, which was raised from the roots of a tree located on the defendant's property. Id. at 696. The court found the defendant's liability depended "on whether the defect in the sidewalk was caused by a natural condition of the land or by an artificial one." Id. at 698. The court reasoned that the property owner's liability was founded on the "positive act – the affirmative act – of the property owner in the actual planting of the tree" that caused the issue with the sidewalk, rather than the "natural process of the growth of the tree roots." Id. at 703.

In the present matter, plaintiff surmises that the tree was planted by defendants' predecessor before defendants purchased their home. But the lack

5

of evidence adduced in discovery tells a different story. Indeed, there is no proof of any affirmative act by defendants suggesting that they – or any other identified party in privity with defendants – planted the tree to create an artificial condition.

Plaintiff had ample opportunity to develop the record concerning the tree's origin and was unable to identify who planted the tree. As such, the record is devoid of any evidence that defendants created the hazard on the sidewalk abutting their property. We therefore conclude the motion judge correctly granted summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3715-19